UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
GENE FRIEDMAN,
        Plaintiff,

v.

SWISS RE AMERICA HOLDING
CORPORATION,
        Defendant.
------------------------------------------------------------x

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11-3-11
```

**MEMORANDUM DECISION**

11 CV 1792 (VB)

Briccetti, J.:

    Plaintiff Gene Friedman, proceeding pro se, commenced this action alleging he was terminated on the basis of his religion and age in violation of Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act ("ADEA"), and the New York State Human Rights Law. Pending before the Court is defendant's motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) and (6) (Doc. #10), which, for the following reasons, is GRANTED.

BACKGROUND

**I.   Allegations of the Complaint**

    For purposes of ruling on defendant's motion based on plaintiff's failure to state a claim, the Court accepts all allegations of the complaint as true.

    Plaintiff alleges in his complaint that the director of his department told Friedman's supervisor that he "hates blacks and Jews." During the time this director was in charge, only three employees were "forced out" -- two African American employees and plaintiff, who is Jewish.

    Plaintiff further alleges that during a reduction in force in 2008, 37 employees were laid

1

off. Of these employees, 31 "are in the protected class," which the Court presumes to mean are above the age of forty – the class protected by the ADEA. Plaintiff asserts no employees under the age of thirty were laid off.

## II.     Procedural Background

When ruling on defendant's motion based on a lack of subject matter jurisdiction, the Court reviews the parties' evidentiary submissions. Morrison v. Nat'l Austl. Bank, 547 F.3d 167, 170 (2d Cir. 2008), aff'd, 130 S. Ct. 2869 (2010). The submissions reveal the following background.

In June 2009, plaintiff, then represented by counsel, filed an administrative complaint with the New York State Division of Human Rights ("DHR"). On September 30, 2010, the DHR issued a "Determination and Order After Investigation" finding that there was no probable cause to support plaintiff's claims of discrimination based on his age and religion under the New York Human Rights Law. The Determination informed plaintiff that he could seek review of it in New York State Supreme Court by filing a Notice of Petition and Petition within sixty days of service of the determination. Plaintiff did not pursue this avenue of review within the time allotted.

On December 7, 2010, the Equal Employment Opportunity Commission ("EEOC") adopted the DHR's findings and issued plaintiff a notice of his right to sue. The notice specifically informed plaintiff that any lawsuit must be filed within ninety days of his receipt of the notice.

This action was commenced with the filing of the complaint on March 15, 2011.

## DISCUSSION

### I. Election of Remedies on the Human Rights Law Claim

Defendant contends that plaintiff's election to assert his New York Human Rights Law claim before the DHR and then his subsequent failure to seek review of the DHR's determination divests the Court of jurisdiction to hear his claim now.

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) "challenges the court's statutory or constitutional power to adjudicate the case before it." 2A James W. Moore et. al., Moore's Federal Practice, ¶ 12.07, at 12-49 (2d ed. 1994). "A complaint is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks statutory or constitutional power to adjudicate it." Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000). Once the question of jurisdiction is raised, the burden of establishing subject matter jurisdiction rests on the party asserting jurisdiction. See Thomson v. Gaskill, 315 U.S. 442, 446 (1942).

Under the Human Rights Law, an individual who files a complaint with the DHR is barred from filing a lawsuit in state or federal court for the same cause of action. See N.Y. Exec. Law § 297(9) ("Any person claiming to be aggrieved by an unlawful discriminatory practice shall have a cause of action in any court of appropriate jurisdiction for damages . . . unless such person had filed a complaint hereunder or with any local commission on human rights . . . ."). Once a plaintiff has chosen to pursue his action before the DHR, the federal district court is barred from hearing his case. See York v. Ass'n of the Bar of the City of N.Y., 286 F.3d 122, 127 (2d Cir. 2002) ("HRL . . . claims, once brought before the [DHR], may not be brought again as a plenary action in another court"); McNulty v. N.Y.C. Dep't of Fin., 45 F. Supp. 2d 296, 303 (S.D.N.Y. 1999) ("Having elected to pursue redress for those grievances before the [NYSDHR],

3

Plaintiff is now foreclosed from bringing . . . [NY]SHRL claim[ ] before this Court."). This jurisdictional bar is applicable to both state and federal courts as "a state law depriving its courts of jurisdiction over a state law claim also operates to divest a federal court of jurisdiction to decide the claim." Moodie v. Fed. Reserve Bank of N.Y., 58 F.3d 879, 884 (2d Cir. 1995).

Plaintiff elected his remedy by filing a verified complaint with the DHR, which found there was no probable cause to support his claim. Because the DHR issued a ruling on the merits of his claim, plaintiff is procedurally barred from asserting his state law claim in this Court.

This holding, as plaintiff points out, has no effect on plaintiff's federal law claims under Title VII and the ADEA. The Court addresses these claims below.

## II. Plaintiff's Federal Law Claims

The function of a motion to dismiss pursuant to Rule 12(b)(6) is "merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." Ryder Energy Distrib. v. Merrill Lynch Commodities, Inc., 748 F.2d 774, 779 (2d Cir. 1984). When deciding a motion to dismiss, the court must accept all well-pleaded allegations as true and draw all reasonable inferences in favor of the pleader. Hishon v. King, 467 U.S. 69, 73 (1984). The complaint must contain the grounds upon which the claim rests through factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). A plaintiff is obliged to amplify a claim with some factual allegations to allow the court to draw the reasonable inference that the defendant is liable for the alleged conduct. Ashcroft v. Iqbal, 556 U.S. ___, 129 S. Ct. 1937 (2009).

A plaintiff claiming employment discrimination pursuant to Title VII and the ADEA must pursue administrative procedures before commencing a lawsuit. Fitzgerald v. Henderson, 251 F.3d 345, 359-360 (2d Cir. 2001); see also 42 U.S.C. § 2000e-5(e) and (f); 29 U.S.C.

4

§ 626(d). Exhaustion of the administrative remedies and receipt of a right-to-sue letter are preconditions to filing Title VII and ADEA claims in federal court. Legnani v. Alitalia Linee Aeree Italiane, S.P.A., 274 F.3d 683, 686 (2d Cir. 2001). The exhaustion requirement exists to afford the administrative agency the opportunity to investigate, mediate, and take remedial action. Stewart v. United States Immigration and Naturalization Service, 762 F.2d 193, 198 (2d Cir. 1985).

The ninety-day deadline to commence a lawsuit after the receipt of a right-to-sue notice is strictly construed, and "the court cannot extend the limitations period by even one day." Johnson v. Al Tech Specialties Steel Corp., 731 F.2d 143, 146 (2d Cir. 1984); Holmes v. NBC/GE, 914 F. Supp. 1040, 1042 (S.D.N.Y. 1996). Courts have proceeded to dismiss cases where the complaint was filed only one or two days late. See, e.g., Pryor v. Nat'l Grid, 2011 U.S. Dist. LEXIS 82852 (S.D.N.Y. July 28, 2011) (two days late); Sanchez v. Nat'l Cleaning Co., 11 F. Supp. 2d 453, 455 (S.D.N.Y. 1998) (two days late); Moscowitz v. Brown, 850 F. Supp. 1185, 1192 (S.D.N.Y. 1994) (one day late), abrogated on other grounds, Lauture v. Int'l Bus. Machs. Corp., 216 F.3d 258 (2d Cir. 2000). This deadline is even strictly construed against a pro se plaintiff. Pryor, 2011 U.S. Dist. LEXIS 82852, at *6 (S.D.N.Y. July 28, 2011) ("Although pro se litigants are usually offered leniency, when it comes to statutory filing deadlines courts have consistently held that even pro se plaintiffs must be held to strict compliance.").

The triggering event for the ninety days is the receipt of the EEOC notice by the plaintiff, not the issuance of it by the EEOC. Courts presume that a plaintiff receives the notice three days after it is mailed, which is presumed to be the day it is issued; though this presumption may be rebutted by admissible evidence. Sherlock v. Montefiore Medical Ctr., 84 F.3d 522, 525 (2d Cir.

1996); see also Baldwin County Welcome Ctr. v. Brown, 466 U.S. 147, 148 n.1 (1984). Plaintiff's right-to-sue notice was issued by the EEOC on December 7, 2010. Ninety days later was March 7, 2011. Plaintiff does not challenge the presumption of receipt three days after issuance. Therefore, the deadline for plaintiff to commence his action was March 10, 2011.

Plaintiff asserts he attempted to file his complaint on Friday, March 11, 2011 but was turned away by the Clerk's Office because the clerk allegedly was "either unwilling or unable to assist" him. Regardless of whether this happened, even if plaintiff arrived at the courthouse and filed his complaint on March 11, his complaint would have been late.

The complaint was filed on March 15, 2011, five days after the ninety-day period expired. By waiting more than ninety days, plaintiff lost his right to sue. Therefore, plaintiff's federal law claims under Title VII and the ADEA are hereby dismissed.

## CONCLUSION

For the foregoing reasons, the Court GRANTS defendant's motion to dismiss (Doc. #10).

The Clerk is instructed to terminate this motion and to close this case.

Dated: November 3, 2011
White Plains, New York

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge